THE COURT.
This case involves the legality and enforceability of privately imposed restrictions against occupation of a lot of land by non-Caucasians. The trial court enjoined occupance of the lot by defendants, non-Caucasians. Defendants appealed.
Upon the authority of Shelley v. Kraemer (1948), 334 U.S. 1 [68 S.Ct. 836, 92 L.Ed. 1161, 3 A.L.R.2d 441] (see, also, Hurd v. Hodge (1948), 334 U.S. 24 [68 S.Ct. 847, 92 L.Ed. 1187]), holding that such restrictions cannot be enforced through court action, the judgment óf the trial court must be reversed. (See Cumings v. Hokr (1948), 31 Cal.2d 844 [193 P.2d 742]; Cassell v. Hickerson (1948), 31 Cal.2d 869 [193 P.2d 743]; Davis v. Carter (1948), 31 Cal.2d 870 [193 P.2d 744]; In re Laws (1948), 31 Cal.2d 846 [193 P.2d 744]; Lippold v. Johnson (1948), 32 Cal.2d 892 [197 P.2d 161]; Clayton v. Wilkins (1948), 32 Cal.2d 895 [197 P.2d 162]; Morin v. Crane (1948), 32 Cal.2d 896 [197 P.2d 162].)
For the reason above stated the order appealed from is reversed.